IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MALEAH HARRIS,<br><br>              Plaintiff,<br><br>vs.<br><br>OREGON STATE UNIVERSITY, KIM KIRKLAND, and CATHY HASENPFLUG,<br><br>              Defendants. | CASE NO.:<br><br>**COMPLAINT**<br>42 USC § 1983 (Violations of Equal Protection); 20 USC § 1681(A) (Sexual Harassment and Gender Discrimination - Title IX); ORS § 659A.030(1)(b) (Discrimination); Negligence<br><br>Prayer: $900,000<br>ORS § 21.160(1)(c)<br>(Claims not subject to mandatory arbitration)<br><br>**Jury Trial Requested** |

## INTRODUCTION

1.

Plaintiff Maleah Harris brings this case against Oregon State University ("OSU"), Kim Kirkland, and Cathy Hasenpflug for engaging in unlawful employment practices against Plaintiff by subjecting her to and/or failing to prevent sexual harassment. Plaintiff reported severe and pervasive unwanted touching, conduct, and attention, but Defendants failed to take any action to prevent continual harassment, causing Plaintiff severe emotional distress. Plaintiff brings this action under 42 USC § 1983 and the Fourteenth Amendment to the United States Constitution, which grants individuals the right to sue government employees and

**EXHIBIT 1 - Notice of Removal**
**Page 1 of 19**

others acting under color of state law for civil rights violations.  Plaintiff also brings this action for state statutory claims, and common law claims.  Plaintiff seeks monetary damages to redress the constitutional and other violations that result from sexual harassment in her employment at OSU.

## PARTIES & JURISDICTION

2.

Plaintiff Maleah Harris ("Harris" or "Plaintiff") is, and at all material times was, an employee of Oregon State University and resident of the State of Oregon.  She is female.

3.

Oregon State University ("OSU") is a public educational institution.  Its primary campus is in Corvallis Oregon, but it has several campuses and centers, including locations in Multnomah County.  At all material timers, Defendant OSU was Plaintiff's employer and conducted regular and sustained business activities in Multnomah county. Venue is therefore proper pursuant to ORS § 14.080.  OSU receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 USC § 1681(a).

4.

Defendant Kim Kirkland is the Executive Director and Title IX Coordinator of OSU's Office of Equal Opportunity and Access. Defendant Kirkland at all times had and will in the future continue to have responsibility for ensure that OSU complies with federal and state laws regarding discrimination.  She is sued in her individual capacity.

5.

Defendant Cathy Hasenpflug is OSU's Chief Human Resources Officer.  As the Chief HRO, Defendant Hasenpflug at all times had and will in the future continue to have responsibility for ensuring that OSU creates safe work environment free of sexual harassment for its employees.

**EXHIBIT 1 - Notice of Removal**
**Page 2 of 19**

6.

On or about November 15, 2019, Plaintiff provided notice as set forth in ORS § 30.275 for her state law claims.  No tort claim notice is required for Plaintiff's federal claims, which are timely filed.

**FACTUAL ALLEGATIONS**

7.

Harris worked for OSU since approximately 2000. Beginning in October 2017, she began working in University Housing and Dining Service Maintenance Department as a Maintenance Laborer Coordinator.

8.

In or about December 2017, Bob Hobbs, a male general maintenance mechanic who works in the same department as Harris, rubbed his groin area against her backside while in a lunch/break room.  He did this deliberately with plenty of space available to him to avoid touching her.  Harris reported this incident to her supervisor.

9.

In or about mid-July 2018, as Harris was leaning over cleaning a table, Hobbs leaned against her from behind, encircling her body, and rubbing his hands against the side of her breasts. Harris also reported this incident to her supervisor.  She explained that she felt "very uncomfortable around him" and "violated."

10.

Since the time Harris began working in the department, Hobbs engaged in other unwanted conduct, including paying increasing attention to Harris, making excuses to visit her workspace, standing uncomfortably near her behind her chair, and engaging in conduct she described as "creepy behavior."  In September 2018, Harris again reported this inappropriate behavior to her supervisor and to Hobbs's supervisor.

**EXHIBIT 1 - Notice of Removal**
**Page 3 of 19**

11.

Harris also reported this conduct to OSU's Office of Equal Opportunity and Access ("OEOA") in or about October 2018.  Harris participated in an interview with OEOA and a representative from OSU's human resources department.

12.

At some point, Harris learned her complaint through the OEOA was "resolved."  She was verbally told that Hobbs was instructed to avoid her, including, not approaching her workspace, sitting at a distance from her in department meetings, and not calling her on the phone or radio.  Since that time, Hobbs has not followed these directives. Instead, he has engaged in a continual pattern of paying Harris unwelcome and excessive attention.

13.

Since her reports, Hobbs has continued to engage with Harris, contrary to the OEOA's directive that he not.  For example, Harris reported in January 2019 to both OEOA and her supervisor that Hobbs came to her window again and that he was hanging around her workspace again and that she did not feel safe around him.  To her knowledge, neither her supervisor nor OEOA took any steps in response to these reports.

14.

Despite these reports and the requirement that he not contact Harris at all, Hobbs regularly approached her workspace, and frequently called her on the phone and radio, including throughout 2019 up until and through August 2019. His inappropriate and unwelcome attention and conduct increased in frequency throughout that time and has essentially continued unabated.  For example, on July 10 and 11, 2019, Hobbs called Harris's office, he came to Harris's desk and spoke with her.  On or about July 10 or 11, he also made excuses to visit her workspace on three separate occasions prior to her lunchbreak.

/ / /

**EXHIBIT 1 - Notice of Removal**
**Page 4 of 19**

15.

Harris reported his continued conduct to her supervisor and to Hobbs's supervisor. OSU failed to take any steps to prevent this ongoing unwelcome conduct and excessive attention.

16.

In or about October 2019, Harris learned that someone else had reported Hobbs's conduct towards her to the OEOA.  In or about early October 2019, Harris contacted and provided an interview with a representative from OSU's human resources department.  In or about October 11, 2019, Harris contacted Oregon State police to report Hobbs's conduct because she did not believe OSU was keeping her safe.

17.

On information and belief, other female employees at OSU and students had also reported Hobbs's conduct, including prior to Harris's complaints.  OSU failed to take effective or appropriate remedial action to ensure Harris had a working environment free from unwelcome severe and pervasive conduct of a sexual nature.   Despite Harris's continued complaints to management about Hobbs behavior as early as December 2017, OSU failed to take any effective or appropriate corrective action and permitted his behavior to continue and escalate. OSU continually failed to address, investigate, and prevent sexual harassment in the workplace in response to Harris's complaints.  As a result, OSU subjected Harris to continued sexual harassment and discrimination, and OSU discriminated against her in the conditions of her employment due to her sex and gender, creating a hostile work environment.

18.

Hobbs's behavior was unwelcome, severe or pervasive and had the purpose or effect of unreasonably interfering with Harris's work performance and/or creating an intimidating, hostile, or offensive working environment.  At all material times herein, OSU established, was

**EXHIBIT 1 - Notice of Removal**
**Page 5 of 19**

responsible for, and directed the terms and conditions of Hobbs's employment. In engaging in physical abuse and harassment of Harris, Hobbs acted within the scope of his employment with OSU.

19.

On information and belief, Defendant Kirkland knew or should have known of Plaintiff's complaints regarding Hobbs because Harris timely reported his actions to OEOA. Defendant Kirkland is responsible for implementation of and compliance with policies regarding sex discrimination and sexual harassment. According to Defendant's policy, it "shall respond promptly and effectively to all complaints of sexual discrimination, sexual misconduct, and retaliation and shall take appropriate action to prevent, correct, and sanction conduct that violates this policy." Despite Defendant's policy, there is a long-standing custom, practice, and pattern of failing to enforce this policy and/or acting with deliberate indifference toward this policy and/or failing to train employees to enforce this policy.

20.

Defendant Kirkland knew or should have known that Defendant OSU's conduct violated clearly established statutory or constitutional rights against gender discrimination and the right to be free of sexual harassment. Yet, Defendant Kirkland participated in the conduct by failing to take immediate, appropriate, or effective action to address the conduct reported by Harris.

21.

On information and belief, Defendant Hasenpflug knew or should have known of Harris's complaints regarding Hobbs because Plaintiff timely reported his actions to her supervisor and Hobbs's supervisor, and because there were prior complaints about him. Defendant Hasenpflug is responsible for creating, implementing, and/or enforcing OSU's policies regarding creating and maintain workplace free of discrimination and harassment.

**EXHIBIT 1 - Notice of Removal**
**Page 6 of 19**

Defendant Hasenpflug participated in the actions or inactions that failed to take effective action to protected Harris.

22.

On information and belief, Defendant Hasenpflug knew or should have known that Defendant OSU's conduct violated clearly established statutory or constitutional rights against gender discrimination and the right to be free of sexual harassment.  Yet, Defendant Hasenpflug participated in the conduct by failing to take immediate, appropriate, or effective action to address the conduct reported by Harris.

23.

As a result of this conduct, Harris has been subjected to severe emotional distress, including but not limited to feeling humiliated, violated, physically sick, and unsafe. As a direct and proximate result of Defendant's above-described conduct, Harris has suffered and continues to suffer from severe emotional distress.

**FIRST CLAIM FOR RELIEF**
**(Violation of Equal Protection Gender Discrimination/Sexual Harassment/**
**Hostile Work Environment – 42 USC § 1983**
**Against Defendants Kirkland and Hasenpflug in their individual capacity)**

24.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

25.

Plaintiff, as a female employee in the workplace, has the right not to have to endure or protect herself from unwanted sexual behavior, sexual advances or otherwise sexually harassing behavior. Plaintiff had the right to a work environment that is gender neutral and equal in the terms and conditions of similarly situated male employees, including by being free of sexual harassment.

26.

**EXHIBIT 1 - Notice of Removal**
**Page 7 of 19**

Defendants Kirkland and Hasenpflug, while acting under color of state law, and pursuant to policy, custom, or practice of Defendant OSU violated Plaintiff's rights, as guaranteed by the 14th Amendment to the Constitution, subjecting Plaintiff to a hostile work environment. Defendants Kirkland and Hasenpflug knew or reasonably should have known that Hobbs was engaging in repeated acts of sexual harassment before Plaintiff began working in the Department, and that his conduct continued after Plaintiff experienced it and reported it. Defendants Kirkland and Hasenpflug knew or reasonably should have known that Hobbs's conduct would deprive Plaintiff of her right to be free from both sexual harassment and a sexually hostile work environment.

27.

Defendants Kirkland and Hasenpflug failed to act to prevent Hobbs from engaging in acts of sexual harassment, and/or engaged in conduct that showed a reckless or callous indifference to Hobbs's deprivation of Plaintiff's clearly established constitutional rights. Defendants Kirkland's and Hasenpflug's conduct was so closely related to the deprivation of Plaintiff's rights as to be the moving force that created the ultimate injuries to Plaintiff.

28.

As a direct and proximate result of Defendants' conduct, Plaintiff has been subject to pain and suffering, humiliation, and impairment to her reputation, and economic loss, including future economic loss, and is entitled to damages in the amount of $175,000 in economic loss and $725,000 in emotional distress.

29.

Pursuant to 42 USC § 1988, Plaintiff is entitled to recover reasonable attorney fees, and costs.

/ / /

/ / /

EXHIBIT 1 - Notice of Removal
Page 8 of 19

**SECOND CLAIM FOR RELIEF**
**(Violation of Title IX – 20 USC § 1681(A) against Defendant OSU)**

30.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

31.

OSU received federal funds and is subject to Title IX of the Education Amendments of 1972.

32.

Defendant OSU, and officials with authority to institute corrective measures on its behalf, had actual notice that Plaintiff experienced sexual harassment as an employee at OSU.  Defendant OSU failed to take adequate remedial and disciplinary action and was deliberately indifferent in response to that knowledge.

33.

As a direct and proximate result of Defendant's conduct, Plaintiff has been subject to pain and suffering, humiliation, and impairment to her reputation, and economic loss, including future economic loss, and is entitled to damages in the amount of $175,000 in economic loss and $725,000 in emotional distress.

34.

Pursuant to 42 USC § 1988, Plaintiff is entitled to recover reasonable attorney fees, and costs.

**THIRD CLAIM FOR RELIEF**
**(Gender Discrimination/Sexual Harassment – ORS § 659A.030(1)(b)**
**Against Defendant OSU)**

35.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

EXHIBIT 1 - Notice of Removal
Page 9 of 19

36.

Defendant's behavior as alleged above violated ORS § 659A.030 because it engaged in gender discrimination on the basis of sex by creating a hostile work environment and subjecting Plaintiff to unwelcome and severe and/or pervasive harassment, which altered the terms and conditions of her employment, unreasonably interfered with her ability to perform her work and created an abusive working environment.

37.

As a direct and proximate result of Defendant's conduct, Plaintiff has been subject to pain and suffering, humiliation, and impairment to her reputation, and economic loss, including future economic loss, and is entitled to damages in the amount of $175,000 in economic loss and $725,000 in emotional distress.

38.

Defendant acted with malice and/or demonstrated a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with a conscious indifference to the health, safety and welfare of others.  Accordingly, Plaintiff reserves the right to seek punitive damages pursuant to ORS §§ 31.725 and 31.730.

39.

Pursuant to ORS § 20.107, Plaintiff is entitled to recover reasonable attorney fees and expert witness fees.

40.

Pursuant to ORS § 659A.885, Plaintiff is entitled to recover actual damages, punitive damages, reasonable attorney fees, and costs.

/ / /

/ / /

/ / /

EXHIBIT 1 - Notice of Removal
Page 10 of 19

## FOURTH CLAIM FOR RELIEF
### (Negligence and Negligent Hiring/Retention and Supervision against Defendant OSU)

41.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

42.

Upon information and belief, Defendant OSU had actual knowledge of Hobbs's conduct, including previous allegations of sexual assault and/or sexual harassment against him, and Plaintiff's allegations of sexual harassment.

43.

Defendant had a duty of care to Plaintiff and others to take reasonably appropriate steps to eradicate any known sexual harassment by co-workers or employees at OSU, including Hobbs.

44.

Defendant breached that standard of care by failing to adequately and appropriately address the harassment and conduct of Hobbs, because it: (a) created, encouraged, and maintained an intimidating and hostile work environment, (b) failed to adequately train, supervise or monitor Hobbs to prevent his harassment, (c) failed to properly investigate sexual abuse or harassment complaints, and (d) hired and retained Hobbs as an employee and supervisor and otherwise failed to take adequate action against him.  Such conduct constitutes negligence, including negligent hiring, retention and supervision, by Defendant in that it caused a foreseeable risk of harm to Plaintiff, was unreasonable in light of the risk of harm to Plaintiff, and directly and proximately caused harm to Plaintiff.

/ / /

/ / /

**EXHIBIT 1 - Notice of Removal**
**Page 11 of 19**

45.

As a direct and proximate result of Defendant's conduct, Plaintiff has been subject to pain and suffering, humiliation, and impairment to her reputation, and economic loss, including future economic loss, and is entitled to damages in the amount of $175,000 in economic loss and $725,000 in emotional distress.

WHEREFORE, Plaintiff prays for judgment from Defendants as follows:

(a)    Economic damages in the amount of $175,000 including for future economic loss;

(b)    Non-economic damages in the amount of $725,000;

(c)    Reasonable attorney fees and costs in an amount to be decided by the Court after trial;

(d)    Expert witness fees;

(e)    Pre and post judgment interest in accordance with law; and

(f)    Any other equitable relief this Court may determine to be fair and just.

DATED this 2nd day of December 2019.

_s/ Whitney Stark_____
Whitney B. Stark, OSB No. 090350
whitney@albiesstark.com
J. Ashlee Albies, OSB No. 051846
ashlee@albiesstark.com
Douglas P. Oh-Keith, OSB No. 064585
doug@damorelaw.com

*Attorneys for Plaintiff*

**EXHIBIT 1 - Notice of Removal**
**Page 12 of 19**



IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

|  |  |
|---|---|
| MALEAH HARRIS,<br><br>Plaintiff,<br><br>vs.<br><br>OREGON STATE UNIVERSITY, KIM KIRKLAND, and CATHY HASENPFLUG,<br><br>Defendants. | Case No. 19CV51692<br><br><br>**SUMMONS** |

TO:   **OREGON STATE UNIVERSITY,** through and via its counsel Rebecca Gose, Oregon State University, Office of the General Counsel, 526 Kerr Administration Bldg., Corvalllis, OR 97331

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons on you.  If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within thirty (30) days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

ALBIES & STARK LLC

By _____
Whitney Stark, OSB No. 090350
Whitney@albiesstark.com
J. Ashlee Albies, OSB No. 051846
ashlee@albiesstark.com
Maya Rinta, OSB No. 195058
maya@albiesstark.com
1 SW Columbia St., Ste. 1850
Portland, OR  97204
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

Attorneys for Plaintiff

PAGE - 1      SUMMONS

ALBIES & STARK
ATTORNEYS AT LAW
1 SW COLUMBIA ST. STE. 1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

**EXHIBIT 1 - Notice of Removal**
**Page 13 of 19**

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on a separate document which you shall attach hereto.

_____
Whitney Stark, OSB No. 090350

PAGE - 2       SUMMONS

**EXHIBIT 1 - Notice of Removal**
**Page 14 of 19**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MALEAH HARRIS,<br><br>   Plaintiff,<br><br>vs.<br><br>OREGON STATE UNIVERSITY, KIM<br>KIRKLAND, and CATHY HASENPFLUG,<br><br>   Defendants. | Case No. 19CV51692<br><br><br>**SUMMONS** |

TO: **KIM KIRKLAND**, through and via her counsel Rebecca Gose, Oregon State University, Office of the General Counsel, 526 Kerr Administration Bldg., Corvalllis, OR 97331

   You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons on you.  If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

   You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within thirty (30) days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

   If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

ALBIES & STARK LLC

By_____

Whitney Stark, OSB No. 090350
Whitney@albiesstark.com
J. Ashlee Albies, OSB No. 051846
ashlee@albiesstark.com
Maya Rinta, OSB No. 195058
maya@albiesstark.com
1 SW Columbia St., Ste. 1850
Portland, OR  97204
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

Attorneys for Plaintiff

PAGE - 1  SUMMONS

ALBIES & STARK
ATTORNEYS AT LAW
1 SW COLUMBIA ST. STE. 1850, PORTLAND, OR 97204
TEL 503.308.4770 |FAX 503.427.9292

**EXHIBIT 1 - Notice of Removal**
**Page 15 of 19**

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on a separate document which you shall attach hereto.

_____

Whitney Stark, OSB No. 090350

PAGE - 2        SUMMONS

ALBIES & STARK
ATTORNEYS AT LAW
1 SW COLUMBIA ST. STE. 1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

**EXHIBIT 1 - Notice of Removal**
**Page 16 of 19**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MALEAH HARRIS,

        Plaintiff,

vs.

OREGON STATE UNIVERSITY, KIM
KIRKLAND, and CATHY HASENPFLUG,

        Defendants.

Case No. 19CV51692

**SUMMONS**

TO:   **CATHY HASENPFLUG**, through and via her counsel Rebecca Gose, Oregon State University, Office of the General Counsel, 526 Kerr Administration Bldg., Corvalllis, OR 97331

      You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons on you.  If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

### NOTICE TO DEFENDANT:
### READ THESE PAPERS CAREFULLY!

      You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within thirty (30) days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

      If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

ALBIES & STARK LLC

By_____
Whitney Stark, OSB No. 090350
Whitney@albiesstark.com
J. Ashlee Albies, OSB No. 051846
ashlee@albiesstark.com
Maya Rinta, OSB No. 195058
maya@albiesstark.com
1 SW Columbia St., Ste. 1850
Portland, OR  97204
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

Attorneys for Plaintiff

PAGE - 1     SUMMONS

ALBIES & STARK
ATTORNEYS AT LAW
1 SW COLUMBIA ST. STE. 1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

**EXHIBIT 1 - Notice of Removal**
**Page 17 of 19**

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on a separate document which you shall attach hereto.

Whitney Stark, OSB No. 090350

PAGE - 2      SUMMONS

ALBIES & STARK
ATTORNEYS AT LAW
1 SW COLUMBIA ST. STE. 1850, PORTLAND, OR 97204
TEL 503.308.4770 |FAX 503.427.9292

**EXHIBIT 1 - Notice of Removal**
**Page 18 of 19**

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                         FOR THE COUNTY OF MULTNOMAH

6    MALEAH HARRIS,

7                      Plaintiff,                    Case No. 19CV51692

8         v.                                         ACCEPTANCE OF SERVICE ON BEHALF
                                                     OF ALL DEFENDANTS
9    OREGON STATE UNIVERSITY, KIM
     KIRKLAND, and CATHY
10   HASENPFLUG,

11                      Defendants.

12

13             I, Michael Porter, affirm that I am authorized to accept, and do hereby accept,

14   service of plaintiff's summons and complaint on behalf of all defendants in the above-captioned

15   matter.  I further certify that any irregularities or deficiencies in the method or manner of service

16   are hereby waived and that service was accomplished and effective on the date below.

17             DATED this 19th day of December, 2019.

18                                    MILLER NASH GRAHAM & DUNN LLP

19

20

21                                    Michael Porter, P.C., OSB No. 003560
                                      mike.porter@millernash.com
22                                    Erin M. Burris, OSB No. 155379
                                      erin.burris@millernash.com
23                                    Phone:  503.224.5858
                                      Fax:  503.224.0155
24
                                      Attorneys for Defendants Oregon State University,
25                                    Kim Kirkland, and Cathy Hasenpflug

26
     4811-6460-1263.1


Page 1 -    Acceptance of Service on Behalf of All Defendants

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

EXHIBIT 1 - Notice of Removal
Page 19 of 19